**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| RS SERVICES OF NORTH AMERICA, LLC, f/k/a UNIVERSAL SOLUTIONS OF NORTH AMERICA, LLC, | ) ) ) ) | No. 2:09-cv-03152-DCN |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| BOYLES MOAK BRICKELL MARCHETTI INSURANCE, INC., BOYLES MOAK BRICKELL INSURANCE, INC., BOYLES MOAK & STONE, INC., and BOYLES MOAK INSURANCE SERVICES, | ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants. | ) ) ) | |

This matter is before the court on plaintiff's submission of a bill of costs for $5,654.02, filed pursuant to 28 U.S.C. §1920, Federal Rule of Civil Procedure 54(d)(1), and District of South Carolina Local Rule 54.03. Defendants, collectively referred to as Boyles Moak, oppose part of the costs and concede part of the costs. Plaintiff RS Services of North America prevailed in this action, having judgment entered in its favor pursuant by a jury verdict on March 1, 2011. For the reasons set forth below, plaintiff should recover $2,069.70 in taxable costs from defendant.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under 28 U.S.C. § 1920, costs are permitted for

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where

the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

To be compensable, "a particular expense must fall into one of the categories of costs statutorily authorized for reimbursement." Cefalu v. Vill. of Elk Grove, 211 F.3d 416, 427 (7th Cir. 2000); Crawford Fitting Co. v. J.T. Gibbons, 482 U.S. 437, 441-42 (1987). Rule 54 also "grants a federal court discretion to refuse to tax costs." Crawford Fitting, 482 U.S. at 442.

Plaintiff seeks $5,654.02 from defendants. Defendants specifically object to costs associated with jury questionnaires ($169.64), a litigation assistant ($2,635.78), a transcript of the summary judgment hearing ($116.40), an electronic transcript copy ($25.00), and mediator costs ($637.50). Jury questionnaires and mediator costs are not a taxable cost under § 1920 or Local Rule 54.03, therefore, those costs are denied. The services from Rosen Litigation Technology Consulting did not serve as the equivalent to any of the § 1920 listed categories of costs; therefore, those costs are denied.

Local Rule 54.03(C)(1)(a) provides that "daily transcript[s]" are taxable: (1) "[w]hen requested by the Court"; (2) "[a]t trial stage when, prior to incurring [the] expense, the Court determines that it is necessary"; (3) "[w]hen prepared pursuant to stipulation of parties with agreement to tax as costs"; and (4) "when used on appeal." None of the circumstances set forth above are present in this case. Thus, the court denies the court reporter costs.

Plaintiff requests $524.20 for the transcript of Robert Scott, which includes $25.00 for an electronic copy of the transcript. Local Rule 54.03(H) permits costs

incident to depositions in certain instances including "stenographer's fee, costs of original transcription, and postage," but does not mention electronic copies. Section 1920 permits "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Plaintiff has not provided any evidence that these copies were necessary for the case, and the copies are equally as likely to have been produced for the convenience of the attorney. See, e.g., Kennedy v. Joy Tech., Inc., 484 F. Supp. 2d 502, 504 (W.D. Va. 2007). The court, therefore, refuses to grant costs for the electronic copy of the deposition transcript.

For the foregoing reasons, the court **SUSTAINS** defendants' objections to plaintiff's bill of costs and **GRANTS** plaintiff $2,069.70 in costs.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**November 30, 2011**
**Charleston, South Carolina**

3